IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGORY NUMANN,<br><br>    Plaintiff,<br><br>  v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>    Defendant. | Case No. 3:22-cv-00178-JMK |

## ORDER RE MOTION FOR JUDGMENT

Before the Court at Docket 12, is Plaintiff's "Motion for Summary Judgment." Plaintiff requests judgment in his favor because the "facts are indisputable by law and unrefuted by Defendant."[1] Plaintiff asserts he is entitled to relief because Defendant's failed to file an answer or other responsive pleading before the 60-day deadline. Defendant filed an Answer on April 10, 2023.[2]

Plaintiff has not met his initial burden of production to move for summary judgment;[3] and a court cannot rule on a motion for summary judgment without a response from a defendant.[4] Whereas, when a party fails to plead or otherwise

---

[1] Docket 12 at 1.

[2] Docket 11.

[3] Fed. R. Civ. P. 56. *See also Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982) ("moving party bears the burden of showing that there are no genuine issues of material fact"); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 ("[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient.").

[4] Fed. R. Civ. P. 56; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (a "court must view the evidence and draw all reasonable inferences in favor of the nonmoving party.").

defend a civil action, default judgment may be sought.[5] Accordingly, Plaintiff's motion is more appropriately construed as a Motion for Default Judgment.

The decision to grant a motion for default judgment is within the discretion of the court.[6] The Ninth Circuit has set forth the following seven factors (the "Eitel factors") that the Court may consider in exercising its discretion: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[7]

Defendant has now filed an answer denying the allegations in the Complaint.[8] Although Defendant's filing came after the purported April 4, 2023 deadline, the Court does not find a delay of less than a week prejudicial. **Therefore, Plaintiff's Motion at Docket 12 is DENIED.**

DATED this 17th day of April, 2023, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[5] *See* Fed. Rule Civ. Proc. 55.

[6] *PepsiCo, Inc. v. California Security Cans,* 238 F. Supp. 1172, 1174 (C.D. Cal. 2002).

[7] *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir. 1986)

[8] Docket 11.

Case No. 3:22-cv-00178-JMK, *Numann v. Federal Bureau of Investigation*
Order re Motion for Judgment
Page 2 of 2

Case 3:22-cv-00178-JMK   Document 13   Filed 04/17/23   Page 2 of 2