IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

GREGORY NUMANN,

          Plaintiff,

      v.

FEDERAL BUREAU OF INVESTIGATION,

          Defendant.

Case No. 3:22-cv-00178-JMK

## ORDER

Before the Court at Docket 15, Plaintiff has filed a Motion for Summary Judgment pursuant to Rule 56 of Federal Civil Procedure ("Rule 56"). As explained below, Plaintiff has not met his initial burden under Rule 56(a) to inform the District Court of any viable basis for granting summary judgment in his favor. Therefore, Plaintiff's Motion at Docket 15 is DENIED without prejudice.

Pursuant to Local Civil Rule 16.1(a)(5), this case is exempted from the requirement of a scheduling conference and shall proceed in accordance with the briefing schedule below.

## BACKGROUND

Plaintiff brought this Freedom of Information Act (FOIA) action seeking an order compelling Defendant to produce certain records as requested by Plaintiff. Plaintiff asserts he made three separate FOIA requests on May 26, 2022, June 2, 2022, and September 5, 2022, and the Federal Bureau of Investigations (FBI) violated FOIA by failing to issue a substantive response to his requests within the 20-day deadline.

Defendant contends it responded to Plaintiff on June 7, 2022.[1] However, Defendant does not demonstrate whether the reply constituted a "substantive determination" as required by the statute.[2] Plaintiff asserts Defendant did respond on January 25, 2023, but provided limited information regarding the contents of that response. Plaintiff alleges Defendant has still not provided any responsive documents.[3] Plaintiff seeks a motion to compel Defendant to "fully answer the FOIA requests" without cost and reimbursement of the Court filing fee.[4]

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure when the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.[5] A material fact is one that "might affect the outcome of the suit under the governing law."[6] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[7] The party seeking summary judgment bears the burden of establishing the absence of a genuine issue of material fact.[8] The moving party may

---

[1] Docket 11 at 3.

[2] Docket 12 at 1.

[3] Docket 15 at 1.

[4] Docket 15 at 3.

[5] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

[6] *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

[7] *Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc.,* 618 F.3d 1025, 1031 (9th Cir. 2010).

[8] *Celotex,* 477 U.S. at 323.

Case No. 3:22-cv-00178-JMK, *Numann v. Federal Bureau of Investigation*
Order re Motion for Summary Judgment
Page 2 of 5
Case 3:22-cv-00178-JMK   Document 17   Filed 05/17/23   Page 2 of 5

meet this burden by identifying the "portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' " that show an absence of dispute regarding a material fact.[9] In ruling on a motion for summary judgment, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party.[10] "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial."[11]

## II. Freedom of Information Act ("FOIA")

"FOIA cases are typically decided on motions for summary judgment."[12] An agency bears the burden of demonstrating that it has complied with its obligations under FOIA.[13] Specifically, an agency bears the burden of demonstrating that it conducted an adequate search and properly withheld documents under one of the recognized exemptions.[14] An agency may meet its burden by submitting affidavits or declarations that "contain reasonable specificity of detail rather than merely conclusory statements.[15]

---

[9] *Anderson,* 477 U.S. at 248.

[10] *Scott v. Harris,* 550 U.S. 372, 378 (2007).

[11] *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102-1103 (9th Cir. 2000).

[12] *Our Children's Earth Found. v. Nat'l Marine Fisheries Serv.,* 85 F. Supp. 3d 1074, 1081 (N.D. Cal. 2015) (citing *Yonemoto v. Dep't of Veterans Affairs,* 686 F.3d 681, 688 (9th Cir. 2011) *as amended* (Jan. 18, 2012), *overruled on other grounds by Animal Legal Def. Fund v. FDA,* 836 F.3d 987, 990 (9th Cir. 2016)).

[13] 5 U.S.C. § 552(a)(4)(B).

[14] *Id.*; *U.S. Dep't of State v. Ray,* 502 U.S. 164, 173 (1991).

[15] *Jud. Watch, Inc. v. U.S. Secret Serv.,* 726 F.3d 208, 215 (D.C. Cir. 2013).

Case No. 3:22-cv-00178-JMK, *Numann v. Federal Bureau of Investigation*
Order re Motion for Summary Judgment
Page 3 of 5
Case 3:22-cv-00178-JMK   Document 17   Filed 05/17/23   Page 3 of 5

## DISCUSSION

After Defendants allegedly failed to produce responsive documents, Plaintiff filed this lawsuit seeking to compel production. Plaintiff claims "there are no genuine issues of material fact" remaining but did not cite any portions of the record or submit any evidence in support of his Motion for Summary Judgment. Further, the Court finds the record insufficient for the Court to decide whether Defendants properly discharged their obligations under FOIA. As a result, based on this undeveloped record, summary judgment is not warranted. Accordingly, Plaintiff's Motion for Summary Judgment at Docket 15 is DENIED without prejudice. Plaintiff may refile a properly supported motion should he choose to do so. At this juncture, the Court will allow Defendant an opportunity to provide the Court with information necessary for the Court to determine whether there was an improper withholding under FOIA.[16] This case shall proceed in accordance with the briefing schedule set forth below.

**IT IS THEREFORE ORDERED**:

1. Plaintiff's Motion for Summary Judgment is **DENIED without prejudice** because Plaintiff did not meet his initial burden to establish there are no genuine issues of material fact.

2. Defendant shall file dispositive motions **within 30 days** of the date of this order.

---

[16] *Cf. Long v. Dep't of Homeland Sec.,* 436 F. Supp. 2d 38, 44 (D.D.C. 2006) ("[t]he government has not yet had a chance to review its files, prepare and file a dispositive motion, and provide the Court the information necessary to make a decision on any material that might be subject to an exemption"); *see also United States Comm. on Refugees v. Dep't of State,* Civil Action No. 91–3303, 1992 WL 35089, at *1 (D.D.C. Feb. 7, 1992) ("the preparation of a *Vaughn* index is unwarranted before the filing of dispositive motions.").

Case No. 3:22-cv-00178-JMK, *Numann v. Federal Bureau of Investigation*
Order re Motion for Summary Judgment
Page 4 of 5
Case 3:22-cv-00178-JMK   Document 17   Filed 05/17/23   Page 4 of 5

3. Plaintiff's opposition and any cross-motion for summary judgment shall be filed **within 21 days** after Defendants serve their motion. Under Federal Rule of Civil Procedure 56(d), Plaintiff's opposition can include a request for discovery, if Plaintiff believes it is warranted and relevant to the issues for summary judgment.[17]

4. Defendant may serve and file a reply **within 14 days** after service of the Plaintiff's opposition.

DATED this 17th day of May, 2023, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[17] *But see Lane v. Dept. of Interior,* 523 F.3d 1128, 1134 (9th Cir. 2008) *(citing Wiener v. FBI,* 943 F. 2d 972, 977 (9th Cir. 1991)) ("While ordinarily the discovery process grants each party access to evidence, in FOIA [ ] cases discovery is limited because the underlying case revolves around the propriety of revealing certain documents.").

Case No. 3:22-cv-00178-JMK, *Numann v. Federal Bureau of Investigation*
Order re Motion for Summary Judgment
Page 5 of 5
Case 3:22-cv-00178-JMK   Document 17   Filed 05/17/23   Page 5 of 5