IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GREGORY NUMANN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br><br>　　　　　Defendant. | Case No. 3:22-cv-00178-JMK |

## ORDER OF DISMISSAL

Self-represented prisoner, Gregory Numann ("Plaintiff") brought this Freedom of Information Act (FOIA) action seeking an order compelling Defendant to produce certain records as requested by Plaintiff.[1] On April 10, 2023, Defendant filed an answer.[2] On June 29, 2023, Plaintiff filed a motion to stay this action pending the outcome of his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("2255 Motion").[3] On March 18, 2024, Plaintiff filed a motion to "withdraw the petition" against Defendant.[4] Plaintiff asserts Defendant

---

[1] Docket 1.

[2] Docket 11.

[3] Docket 20.

[4] Docket 26.

has "sufficiently satisfied" his FOIA request, so he "considers this case closed."[5] Plaintiff certifies a copy of the motion was served on Defendant on March 11, 2024.[6] As of the date of this order, Defendant has not filed a response to Plaintiff's motion.[7]

The Court construes Plaintiff's motion as a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). After the opposing party has served an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."[8] Dismissal should be granted unless the defendant can show that it will suffer some clear legal prejudice as a result.[9] The Ninth Circuit interprets legal prejudice as "prejudice to some legal interest, some legal claim, some legal argument."[10] "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal."[11] The loss of a federal forum or a lost opportunity to resolve a particular

---

[5] *Id.*

[6] Docket 26.

[7] *See* D. Alaska Loc. Civ. R. 7.1(b) (requiring oppositions to all motions other than motions to dismiss and motions for summary judgment to be filed within 14 days of service).

[8] Fed. R. Civ. P. 41(1)(2).

[9] *Smith v. Lenches,* 263 F.3d 972, 975 (9th Cir. 2001).

[10] *Westlands Water District v. United States,* 100 F.3d 94, 96 (9th Cir. 1996).

[11] *Smith,* 263 F.3d at 976.

Case No. 3:22-cv-00178-JMK, *Numann v. Federal Bureau of Investigation*
Order of Dismissal
Page 2 of 3
Case 3:22-cv-00178-JMK   Document 27   Filed 05/08/24   Page 2 of 3

dispute does not establish legal prejudice.[12] Further, the expense incurred defending a lawsuit is also not sufficient because "[t]he defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees."[13]

IT IS THEREFORE ORDERED:

1. The unopposed motion for voluntary dismissal at **Docket 26 is GRANTED.**[14]

2. This case is **DISMISSED without prejudice.**

3. Any pending motions are **DENIED as moot.**

4. Each side to bear their own costs and fees.[15]

5. The Clerk of Court is directed to lift the stay, close this case, and enter final judgment accordingly.

DATED this 8th day of May, 2024, at Anchorage, Alaska.

/s/ Joshua M. Kindred
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[12] *Westlands,* 100 F.3d at 97.

[13] *Id.*

[14] *Cf. Genty v. Township of Gloucester,* 736 F. Supp. 1322, 1326 (D.N.J. 1990) ("Where no parties object, the court should allow the dismissal.").

[15] *See Westlands,* 100 F.3d at 97 ("[i]mposition of costs and fees as a condition for dismissing without prejudice is not mandatory.").